UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY JOEL JUDY,
an individual,

       Plaintiff,

vs.

EDISON PARK PLAZA CENTER, LLC,
a Florida Limited Liability Company,

       Defendant.

CASE NO.:

## COMPLAINT

Plaintiff, JEFFREY JOEL JUDY (hereinafter "Mr. Judy" or "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues EDISON PARK PLAZA CENTER, LLC, a Florida Limited Liability Company for injunctive relief, attorneys' fees and costs pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et seq., ("ADA"), and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and the Local Rules of the United States District Court for the Middle District of Florida.

3. Plaintiff is a resident of the State of Florida in Lee County.

1

4. Plaintiff was injured in a motorcycle accident and is paralyzed from the waist down. Additionally, Plaintiff is a double leg amputee. Due to his injuries, Mr. Judy is a T8-T9 paraplegic and uses a wheelchair for his primary means of mobility.

5. Due to the disability, Plaintiff is substantially impaired in several major life activities including walking, standing and bending and requires a wheelchair for mobility.

6. Upon information and belief Defendant EDISON PARK PLAZA CENTER, LLC, a Florida Limited Liability Company (hereinafter referred to as "Defendant") is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: Luxe Plaza, generally located at 2215-2275 Winkler Ave, Fort Myers, FL 33901 (referred to herein as the "Property"). Defendant is responsible for complying with the ADA.

7. All events giving rise to this lawsuit occurred in the Middle District of Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding Paragraphs as if they were expressly restated herein.

9. The Property, a shopping plaza, is open to the public and provides goods and services to the public.

10. Plaintiff resides in close proximity to the Defendant's Property and regularly shops (with difficulty) for goods and services offered at the Property.

11. However, while at the Property Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed below.

12. Despite the accessibility issues, Plaintiff continues to desire to visit the Property, but fears that he will again encounter serious difficulty unless the barriers discussed herein are removed.

13. Plaintiff plans to and will visit the Property in the near future to utilize the goods and services offered thereon. However, but for the barriers to access at the Property, Plaintiff would shop at the Defendant's Property more often.

14. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and is discriminating against the Plaintiff due to, but not limited to, their failure to provide and/or correct, the architectural barriers to access discussed below, which were personally encountered by and which hindered Plaintiff's access to the Property:

   A. Plaintiff encountered inaccessible parking spaces designated for disabled use throughout the Property due to spaces located on sloped ground surfaces in excess of 1:48, some parking spaces missing proper signage and severely faded paint to identify spaces exclusively for disabled use.

   B. Plaintiff encountered inaccessible curb ramps throughout the Property due to excessive running slopes, steep side flare slopes over 1:10 and cross slopes in excess of 1:48.

   C. Additionally, several sections of the Property have a lengthy portion of the sidewalk without any curb cuts making navigation in a wheelchair difficult.

   D. Plaintiff encountered inaccessible outdoor table seating outside the Chicago Boys Bar and Grill due to inadequate knee/toe clearance under the tables.

   E. Plaintiff encountered an inaccessible restroom in the Chicago Boys Bar and Grill due to a lack of pipe insulation under the sinks.

15. Plaintiff has observed all exterior and public common areas of the Property.

16. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.[1]

17. Independent of his intent to return as a patron of the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by Defendant is in violation of the ADA;

B. That the Court enters an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by the ADA;

---

[1] Defendant was sued under Title III of the ADA by an unrelated entity in 2007 for barrier claims regarding the parking lot and curb ramps at the Property. Case No. 2:07-cv-00562-JES-SPC. Despite this, numerous ADA barriers remain throughout the Property. Furthermore, Plaintiff attempted to obtain a copy of the settlement agreement from the above referenced litigation but was unsuccessful. Since the previous matter was brought by a different plaintiff and some alleged barriers in the instant matter were not discussed in the previous matter, the undersigned does not believe these matters are "related".

C. That the Court enters an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D. That the Court awards reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court awards such other and further relief as it deems necessary, just and proper.

Dated: October 8, 2018.

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (305) 891-4512
louis@kumussman.com
brian@kumussman.com

By_____
Louis I. Mussman, Esq.
(FL Bar #: 597155)
Brian T. Ku, Esq.
(FL Bar # 610461)
*Attorneys for Plaintiff*