UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY JOEL JUDY, an individual,

    Plaintiff,

v.                                 Case No: 2:18-cv-693-FtM-29UAM

EDISON PARK PLAZA CENTER, LLC, a Florida limited liability company,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Attorney's Fees, Litigation Expenses and Costs (Doc. #23) filed on May 1, 2019. Defendant filed a Response in Opposition (Doc. #26) on May 20, 2019.

**I. Procedural History**

On October 19, 2018, Jeffrey Joel Judy filed a Complaint (Doc. #1) against Edison Park Plaza Center, LLC. On November 13, 2018, plaintiff filed a Notice of Pendency of Other Actions (Doc. #8) noting the related case of <u>Lucibello v. Edison Park Plaza Ctr., LLC</u>, Case No. 2:07-cv-562-FTM-29SPC. On November 20, 2018, defendant filed an Answer and Affirmative Defenses (Doc. #9) and on November 27, 2018, the Court issued an ADA Title III Scheduling Order (Doc. #11) staying discovery and setting special deadlines, including mandatory mediation. On December 18, 2018, plaintiff

served defendant with a copy of his existing written report concerning violations of the Americans with Disabilities Act, and filed Answers to Court's Interrogatories (Doc. #14).

On February 13, 2019, the Magistrate Judge granted an extension of time to conduct mediation and to file a status report indicting whether they had settled or reached an impasse. The parties advised that they were able to resolve the issue of injunctive relief, but could not agree to the attorney fees. On April 15, 2019, the parties filed a Joint Motion for Approval of Consent Decree (Doc. #20), which was granted. On April 17, 2019, Judgment (Doc. #22) was entered and the Consent Decree (Doc. #22-1) was endorsed.

**II. Entitlement to Fees, Costs, and Expenses**

The parties agree that plaintiff is the prevailing party in the action, but that the Court should "determine the reasonable amount of Plaintiff's attorneys' fees, costs and litigation expenses to be reimbursed by Defendant under the ADA." (Doc. #22-1, ¶ 5.)

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205. As the parties agree that plaintiff is the prevailing party in this case, and plaintiff received the relief sought, the Court finds that plaintiff is entitled to a reasonable attorney's fee, expenses, and costs.

**III. Amount of Fees**

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit adequate documentation of hours and rates in support, or the award may be reduced. Id. A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984). Plaintiff seeks attorney fees in the amount of $18,585.00 at a rate of $350 per hour for Louis I. Mussman, and costs and expenses in the amount of $820.00, and expert fees in the amount of $800.00.

**1. Hourly Rate**

Counsel states that he has been an active member of the Florida Bar for nearly 17 years since being admitted to the Florida Bar in 2002. (Doc. #23, p. 10.) Attached is the Firm Biography

(Doc. #23-10, Exh. I) detailing representative cases. Defendant argues that Mr. Mussman was previously awarded $200 an hour by the undersigned, and therefore the same rate should be applied in this case. The rate was applied in 2009, and Mr. Mussman has been practicing during the intervening decade. The rate will not be reduced to $200 an hour.

Mr. Mussman attached the Declaration of Matthew W. Dietz (Doc. #23-9, Exh. H), an attorney who has been practicing civil rights litigation since September 1996, and who has been class counsel in seven class actions involving disability rights. As of 2011, Mr. Dietz has himself been charging a rate of $415.00 per hour, and opines that his experience in the Fort Myers area within the Middle District of Florida supports a $400 an hour rate. In support, Mr. Dietz cites numerous cases in the Southern District of Florida where counsel have been awarded $350 to $500 an hour. In the one Middle District of Florida case cited, the undersigned actually reduced hourly rates because the rates in Fort Myers are significantly lower than those found in Miami. The Court reduced the $420 an hour rate for Mr. Bacon, admitted to the Florida Bar in 1998, to $300 an hour. See Kennedy v. Radio Road Plaza Invs., LLC, 2:15-cv-630-FTM-29CM, Doc. #35 (M.D. Fla. Jan. 10, 2017). Mr. Mussman has been admitted for almost as long as Mr. Bacon. The Court will reduce his hourly rate to the same $300.00 an hour.

### 2. Number of Hours

Plaintiff seeks fees for a total of 53.1 hours. Plaintiff argues that defendant "was the clear driver of the majority of Plaintiff's fees." (Doc. #23, p. 14.) Plaintiff argues that defendant refused to engage in "proper settlement negotiations" until the day before mediation, plaintiff is serving a public interest to those with a mobility impairment, and every effort was taken to avoid duplication or excessive hours.

Defendant argues that "roughly ten (10) of the total claimed hours" were incurred before the suit was filed, and although presuit notice is not required, defendant argues that the failure to reach out during the 5 intervening months before filing should be considered in reducing hours. Defendant argues that plaintiff also maintained an unreasonable settlement position in negotiations by insisting that formal mediation must take place even though it was unnecessary. Defendant argues that fees and costs incurred after March 25, 2019, should be excluded because plaintiff was offered a reasonable settlement. Defendant also argues excessive time in general based on a boilerplate complaint, similar and repeated litigation, clerical or secretarial work billed at the attorney rate, and travel time for the "unnecessary" mediation. Defendant suggests an overall reduction by 50% at a rate of no more than $250.00 an hour.

The Court has considered the respective positions of counsel, and finds that some reduction in hours is required. An excessive amount of time was billed for any number of the tasks, especially in the drafting of the request for fees and costs. The hours will be reduced as follows:

| DATE | HOURS REQUESTED | REDUCED HOURS |
|---|---|---|
| 5/7/2018 | 0.7 | 0.5 |
| 8/26/2018 | 3 | 0 |
| 8/26/2018 | 0.6 | 0.3 |
| 8/26/2018 | 0.5 | 0.3 |
| 8/27/2018 | 0.9 | 0.5 |
| 10/3/2018 | 0.7 | 0.7 |
| 10/5/2018 | 1 | 0.7 |
| 10/5/2018 | 0.3 | 0.3 |
| 10/5/2018 | 0.3 | 0.3 |
| 10/5/2018 | 0.7 | 0.4 |
| 10/8/2018 | 1.1 | 0.8 |
| 10/8/2018 | 0.3 | 0.3 |
| 10/8/2018 | 0.2 | 0 |
| 10/8/2018 | 0.5 | 0.5 |
| 10/22/2018 | 0.5 | 0.1 |
| 10/23/2018 | 0.1 | 0.1 |
| 10/29/2018 | 0.2 | 0.1 |

| | | |
|---|---|---|
| 10/29/2018 | 0.1 | 0.1 |
| 11/2/2018 | 0.2 | 0.2 |
| 11/13/2018 | 0.3 | 0.2 |
| 11/13/2018 | 0.2 | 0.2 |
| 11/20/2018 | 0.5 | 0.5 |
| 11/20/2018 | 1.2 | 0.9 |
| 11/20/2018 | 0.3 | 0.3 |
| 11/26/2018 | 0.2 | 0.1 |
| 11/27/2018 | 0.4 | 0.4 |
| 12/11/2018 | 0.2 | 0.1 |
| 12/13/2018 | 0.9 | 0.6 |
| 12/13/2018 | 0.8 | 0.4 |
| 12/18/2018 | 0.1 | 0.1 |
| 12/18/2018 | 0.2 | 0.2 |
| 12/20/2018 to 3/25/2019 | 10.6 | 10.6 |
| 3/26/2019 | 1.4 | 0 |
| 3/26/2019 | 3.2 | 2.8 |
| 3/26/2019 to 4/15/2019 | 4.2 | 4.2 |
| 4/16/2019 | 1.5 | 1.0 |
| 4/16/2019 | 0.5 | 0.5 |
| 4/16/2019 | 1.9 | 1.0 |
| 4/16/2019 | 1 | 0.5 |
| 4/19/2019 | 0.1 | 0.1 |

| 4/19/2019 | 0.9 | 0.5 |
| 4/19/2019 | 0.4 | 0.4 |
| 4/22/2019 | 1.6 | 0.6 |
| 4/22/2019 | 0.6 | 0.3 |
| 4/22/2019 | 1.7 | 1.0 |
| 4/23/2019 | 1.3 | 0.9 |
| 4/23/2019 | 0.8 | 0.8 |
| 4/24/2019 | 0.3 | 0.3 |
| 4/25/2019 | 1.3 | 0.9 |
| 4/26/2019 | 1 | 0.5 |
| 5/1/2019 | 0.9 | 0.7 |
| 5/1/2019 | 0.7 | 0.4 |
| **TOTAL:** | 53.1 | 38.2 |

Applying the reduced rate of $300 per hour for 38.2 hours, the Court will award $11,460.00 in attorney fees.

**IV. Amount of Costs and Expenses**

Plaintiff, as a prevailing party, "should be allowed" an award of costs other than attorney's fees under Rule 54 of the Federal Rules of Civil Procedure. Fed. R. Civ. P.

54(d)(1). The ADA allows for recovery of costs and litigation expenses under 42 U.S.C. § 12205.

**1. Taxable Costs**

"[Title 28 U.S.C.] Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 441 (1987). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title [28 U.S.C. § 1923]; [and]
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 U.S.C. § 1828].

28 U.S.C. § 1920. Plaintiff seeks reimbursement of the filing fee ($400), for service of process ($45.00), and the mediation fees ($375.00), for a total of $820. (Doc. #23-1,

Exh. G.)  The Court will allow the costs of the filing fee and service of process, both of which are taxable costs.  The mediation fees are however not taxable.

**2. Non-taxable Expenses**

Plaintiff seeks reimbursement of expert fees incurred for using an architect, Patrick Sullivan, AIA, at a rate of $175 an hour, for a total of $500, plus a reinspection fee of $300.  (Doc. #23-1, Exh. G.)  The Court will allow the $800 for inspections, and although the mediation fees are not taxable costs, they are indeed expenses.  Both will be permitted.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Attorney's Fees, Litigation Expenses and Costs (Doc. #23) is **GRANTED in part and DENIED in part.** Plaintiff is awarded attorney fees in the amount of $11,460.00, costs in the amount of $445, and expenses in the amount of $1,175. The Clerk shall enter judgment accordingly.

**DONE and ORDERED** at Fort Myers, Florida, this ___18th___ day of June, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record